**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cv-01004-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| ANDREW H. MILLER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Government's Motion for Summary Judgment (ECF No. 14); Defendant's Response (ECF No. 18); and the Government's Reply (ECF No. 19). For the reasons that follow, the Government's Motion for Summary Judgment (ECF No. 14) will be GRANTED.

**I.     BACKGROUND**

This case arises from Defendant's nonpayment of his federally-reinsured student loans. In July of 1984, Defendant executed a promissory note to secure a loan of $5,000.00 from Great Western Savings at an 8.00 percent annual interest rate. (*See* Ex. A, Mot. for Summ. J., ECF No. 14.) In July of 1985, Defendant executed another promissory note to secure an additional loan of $5,000.00 from Great Western Savings at an 8.00 percent annual interest rate. (*See id.*) These loan obligations were guaranteed by the California Student Aid Commission ("the Commission") and were then reinsured by the United States Department of Education ("the Department"). (*See* Ex. B, Mot. for Summ. J., ECF No. 14.) Defendant defaulted on the loans in 1992, and the Commission was forced to pay a claim in the amount of $11,824.46 to the holder of the notes. (*Id.*) The Department, in turn, reimbursed the Commission for that amount. (*Id.*) Pursuant to 34 C.F.R. § 682.410, the Commission attempted

to collect Defendant's debt from him directly. (*Id.*)  However, the Commission was unable to collect the amount due, so it assigned its right to collect under the loan to the Department. (*Id.*)

In August of 1984, Defendant executed another promissory note to secure a loan of $3,000.00 from City National Bank at a 12.00 percent annual interest rate. (*See* Ex. C, Mot. for Summ. J., ECF No. 14.)  That loan was also guaranteed by the Commission and reinsured by the Department. (*See* Ex. D, Mot. for Summ. J., ECF No. 14.)  When Defendant defaulted on the loan in 1986, the Commission paid $3,361.97 to the holder of the note and was reimbursed by the Department. (*Id.*)  Following the Commission's failure to collect the amount owed, it assigned its rights and interests in the loan to the Department. (*Id.*)

In July of 1985, Defendant executed a promissory note to secure a loan of $3,000.00 from First Independent Trust Company at a 12.00 percent annual interest rate. (*See* Ex. E, Mot. for Summ. J., ECF No. 14.)  That loan was also guaranteed by the Commission and reinsured by the Department. (*See* Ex. F, Mot. for Summ. J., ECF No. 14.)  When Defendant defaulted on the loan in 1991, the Commission paid $4,905.88 to the holder of the note and was reimbursed by the Department. (*Id.*)  Following the Commission's failure to collect the amount owed, it assigned its rights and interest in the loan to the Department. (*Id.*)

The Government now seeks to recover the money the Department paid the Commission as a result of Defendants' defaults, as well as all interest that has accrued since the Department made those payments.

**II.     SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining whether summary judgment is appropriate, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

To recover on a promissory note, the Government must first make a prima facie showing that: (1) the defendant signed the note; (2) the Government is the present owner or holder of the note; and (3) the note is in default. *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009).  "For that purpose the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness." *Id.* (internal citation omitted).  "Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Id.* (internal citation omitted).

### A. The Government's Prima Facie Case

Defendant admits to signing (*see* Answer 1:28, ECF No. 4), and executing (*see* Resp. 1:25-28, ECF No. 18), the relevant promissory notes.  Therefore, the first element of the Government's prima facie case is fulfilled.[1]

In order to fulfill the second element, the Government attached three Certificates of

---

[1] The Certificates of Indebtedness described in the next paragraph also support this element.

Indebtedness to its Motion for Summary Judgment. (*See* Exs. B, D, & F, Mot. for Summ J., ECF No. 14.) Defendant does not oppose any of these Certificates or the facts they contain, and each Certificate is certified as true and correct under penalty of perjury by a loan analyst for the United States Department of Education.  The first Certificate (Ex. B) establishes that the "right and title" to the two loans initially owned by Great Western Savings were assigned to the United States Department of Education.  The second and third Certificates (Exs. D & F) establish the same thing with regard to the loans initially owned by City National Bank and First Independent Trust Company.   Accordingly, the Government has also satisfied the second element of its prima facie case.

The Certificates likewise fulfill the third element of the Government's claim, as they indicate that Defendant defaulted on all four of the relevant notes.  Even more telling, however, is Plaintiff's admission that "all four loans were placed in default by their respective lending institutions . . . ." (Resp. 2:2-3, ECF No. 18.)  Thus, the Government has met its burden of establishing that the "note is in default," and its prima facie case is satisfied.

### B. Defendant's Arguments against Summary Judgment

Defendant's first argument against the imposition of summary judgment is that "Defendant did not cause the loans to be placed in default but was due to failure of Golden Gate University's to do its duty to notify its lenders of student changes of address." (Resp. 2:10-13, ECF No. 18.)  However, Defendant has provided no evidence in support of this argument; he only provides bare allegations that the default was somehow Golden Gate University's fault for failing to notify its lenders of his change of address.  He simply claims he sued Golden Gate in 1986 and the settlement resulted in the forgiveness of tuition he owed, his reinstatement as a student and a monetary credit towards future tuition.  Because conclusory allegations without evidentiary support are insufficient to defeat summary judgment, *see Taylor*, 880 F.2d at 1045, this argument necessarily fails.

Defendant's second argument is that "there are genuine issues concerning amounts of damages, specifically the penalties and interest." (Resp. 6:11-12, ECF No. 18.) However, Defendant does not explain what these genuine issues are, nor does he provide any evidence to show that a genuine issue of material fact actually exists. Defendant merely claims that a dispute exists as the amount of damages without articulating what that dispute is. Such a conclusory argument cannot defeat summary judgment, particularly when, as here, the Government has provided documentary evidence demonstrating the exact amounts owed by Defendant with respect to the promissory notes (*see* Exs. B, D, & F, Mot. for Summ J., ECF No. 14), and has produced copies of the promissory notes themselves, which list the relevant interest rates and the initial principal owed, (*see* Exs. A, C, & E, Mot. for Summ J., ECF No. 14).

Finally, Defendant claims he should be entitled to additional discovery, though he does not articulate what he hopes to uncover during the course of that discovery. (*See* Resp. 5:1-16, ECF No. 18.) However, if there has been insufficient discovery conducted in this case, the fault lies with Defendant himself. Although Magistrate Judge Peggy A. Leen scheduled a hearing with regard to Defendant's Motion to Extend Time to Submit a Discovery Plan and Scheduling Order (ECF No. 6), Defendant failed to appear. (See Minutes ECF No.8). Three days later, Defendant filed a Motion for Reconsideration and Magistrate Judge Leen again scheduled a hearing; however, Defendant failed to appear at this hearing as well. (See Minutes ECF No. 20). Defendant cannot make generalized statements about needing more discovery while at the same time needlessly delaying the discovery proceedings.

Because the Government has established its prima facie case and Defendant has failed to make a persuasive argument in opposition to the Government's Motion, the Motion for Summary Judgment (ECF No. 14) will be granted.

/ / /

## CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

DATED this 4th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge